# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 19-5246                                    September Term, 2020
                                               FILED ON: MARCH 19, 2021

JAMES HARRIS AND DAVID HARRIS, III,
APPELLANTS

v.

MURIEL BOWSER, IN HER OFFICIAL CAPACITY AS MAYOR OF THE DISTRICT OF COLUMBIA, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-00886)

Before: TATEL and RAO, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*.

**JUDGMENT**

This appeal was heard on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the following reasons, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be **AFFIRMED**.

This case arises out of a bar fight that occurred in February 2018. After the incident, the District of Columbia charged James Harris with assault. Following his acquittal at trial in March 2019, James and his husband David Harris brought a number of claims against the District and various officials for, *inter alia*, false arrest, excessive force, malicious prosecution, and defamation. In general, the Harrises' allegations center on ill treatment—and even racist and anti-gay treatment—at the hands of Metropolitan Police Department ("MPD") officers on the night of the altercation and thereafter. Allegations of mistreatment include that the officers took and did not return David's identification, did not respond appropriately and timely to James's medical needs, took statements only from white witnesses, and used excessive force. Days after this episode, the Harrises complained to the MPD, which filed an incident report detailing the Harrises' account of their interaction with the MPD on the night of the bar fight.

1

The district court dismissed the case in full. *See Harris v. Bowser*, 404 F. Supp. 3d 190, 194 (D.D.C. 2019). It found a number of defects with the Harrises' case that are not at issue here because we have summarily affirmed those aspects of the district court's ruling. *See Harris v. Bowser*, No. 19-5246, 2020 WL 873558 (D.C. Cir. Feb. 14, 2020); Order, *Harris v. Bowser*, No. 19-5246 (D.C. Cir. July 6, 2020) ("July Summary Affirmance"). The only aspects of the district court's judgment that we have not previously resolved are its dismissal of the claims of malicious prosecution and defamation.[1] July Summary Affirmance at *2. We address each claim in turn and conclude that the district court correctly dismissed both.

I.

The district court correctly held that the Harrises cannot bring their malicious prosecution claim because they did not comply with the mandatory notice requirement of D.C. Code § 12-309. That provision requires, as a condition of the District's waiver of its sovereign immunity, that plaintiffs (or their attorney or agent) give notice of a legal injury to the Mayor of the District within six months after the injury was sustained, and that such notice include the time, place, and circumstances of the injury. D.C. Code § 12-309(a).[2] Section 12-309 also provides that "[a] report in writing by the Metropolitan Police Department … is a sufficient notice." D.C. Code § 12-309(a). The Harrises first argue that they meet this requirement since they told various District officials of "their intent to seek recourse" for the way the MPD treated them after the bar fight, thereby providing verbal notice. Appellants' Br. 9. But general statements to any government official do not provide adequate notice under D.C. Code § 12-309(a), which requires either "notice in writing to the Mayor of the District of Columbia" or a "report in writing by the [MPD]." This requirement "is to be strictly construed because it is a departure from the common law concept of sovereign immunity." *Doe by Fein v. District of Columbia*, 93 F.3d 861, 872 (D.C. Cir. 1996) (per curiam). The informal notices that the Harrises gave in the immediate aftermath of the bar fight do not provide the required notice.

The Harrises alternatively contend that either the MPD's arrest report for James or the report the MPD filed following the Harrises' complaints about officers' conduct satisfies the notice requirement. This argument is unavailing as to these claims. One element of a malicious prosecution claim is that the "prosecution must have ended in the plaintiff's favor." *Dellums v. Powell*, 566 F.2d 167, 191 n.65 (D.C. Cir. 1977). That is, "a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). James was not acquitted of assault until March 2019, more than a year after the underlying incident and the filing of the MPD reports at issue. Thus, the MPD reports in February 2018 could not have given the District notice of a potential malicious prosecution suit because James's malicious prosecution claim had not accrued.

---

[1] The Harrises attempt to resurrect *Bivens* claims they have made in the past, but those have already been adjudicated, as the second summary affirmance left only the malicious prosecution and defamation claims to be decided. *See* July Summary Affirmance at *2; *Harris*, 2020 WL 873558, at *1.

[2] There are two exceptions to the statutory notice requirement, *see* D.C. Code § 12-309(b), but the Harrises do not contend that either applies here.

2

Finally, the Harrises gesture at an argument that they served the proper notice in a letter delivered to the Mayor's Office on March 26, 2019, the same day they filed their complaint. The Harrises, however, do not plead that the notice was delivered on March 26 *prior* to the filing of their suit on the same day. Absent such a pleading, they have not alleged compliance with the jurisdictional requirement of Section 12-309(a) and have therefore failed to carry their burden of establishing that we have subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Having failed to provide the legally required notice, the Harrises cannot maintain their malicious prosecution claim.

II.

The district court dismissed the Harrises' defamation claim because they brought it under the wrong statutory provision—one related to defaming insurers' financial condition. *See* D.C. Code § 31-2231.05; *see also Harris*, 404 F. Supp. 3d at 200–01. On appeal, the Harrises concede that they brought this claim under the wrong provision, but they plead for the court's consideration because they are pro se. Even if we permitted them to recharacterize this claim on appeal as alleging common law defamation, they would still be unable to maintain a claim. As with their malicious prosecution claim, they failed to provide the proper notice because nothing in the MPD reports could have put the District on notice that a defamation suit might be in the offing. Although the reports detail the Harrises' physical injuries, allegations of race discrimination, prolonged detention, unlawful arrest, and other grievances, they contain no information about, or accusations of, defamation. *See* J.A. 55–59 (initial arrest report), 118–20 (report compiled in response to the Harrises' complaint).

Lastly, the Harrises contend that the district court should have given them an opportunity to amend their complaint to cure these defects. But despite expressing their intent to amend their complaint at various points during the district court proceedings, they never formally attempted to amend, even after dismissal. And "[w]hen a plaintiff fails to seek leave from the District Court to amend [his] complaint, either before or after [his] complaint is dismissed, [he] forfeits the right to seek leave to amend on appeal." *City of Harper Woods Emps.' Retirement Sys. v. Olver*, 589 F.3d 1292, 1304 (D.C. Cir. 2009). This court has applied that rule to pro se plaintiffs in the past, and there is no reason not to do so here. *See, e.g.*, *Drake v. FAA*, 291 F.3d 59, 72 (D.C. Cir. 2002). The Harrises are thus not entitled to an opportunity to amend their complaint.

\* \* \*

For the foregoing reasons, the judgment of the district court is affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**Per Curiam**

3

**FOR THE COURT:**

Mark J. Langer, Clerk

BY: /s/

Daniel J. Reidy

Deputy Clerk